UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-00034-TBR

STEVEN L. TAYLOR                                                                                       Plaintiff

v.

COLORADO STATE UNIVERSITY, *et al.*                                            Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Secretary of the Army's Motion to Dismiss or, in the Alternative, for Summary Judgment (Docket No. 35). Plaintiff Steven L. Taylor has responded, (Docket No. 36), and Defendant has replied, (Docket No. 39). This matter is now ripe for adjudication. For the reasons that follow, Defendant Secretary of the Army's Motion for Summary Judgment, (Docket No. 35), is GRANTED.

BACKGROUND

Plaintiff Steven L. Taylor worked as an agricultural technician at Fort Campbell, Kentucky. Plaintiff was hired by Colorado State University (CSU) to work for the Center for Environmental Management of Military Lands, which enters into various agreements to provide support services for property owned by the U.S. military. Plaintiff's position was funded by a cost-reimbursable agreement between CSU and the U.S. Forest Service; however, Plaintiff alleges the ultimate source of funding was in fact the U.S. Department of Defense (DoD). (*See* Docket No. 36, at 2.)

Plaintiff was employed for nearly ten years, during which time "[h]is evaluations were conducted by his point of contact who was an Army employee," "[h]is Army supervisor established his work hours," and "[h]is Army supervisor also gave him his work assignments." (Docket No. 36, at 2-3.) Plaintiff avers: "At that time, however, [he] was under the impression that his Army supervisor was affiliated with the United States Department of Agriculture because the [CSU] contract was with the United States Department of Agriculture Forest Service." (Docket No. 36, at 3.)

Plaintiff states that he is an alcoholic and a diabetic, but that while these diseases significantly impact his ability to lead a normal life, "neither . . . has ever affected in any way his ability to do his job in an excellent manner." (Docket No. 36, at 3.) Plaintiff was advised by his doctor in the summer of 2008 that he should immediately enter a rehabilitation clinic because of the aggravating effect his alcoholism was having on his diabetes. (Docket No. 36, at 3.) Plaintiff states he "contacted his point of contact with the Army to notify her that he would need to use some of his accrued time off, to which she "indicated very bluntly that she was not going to permit an alcoholic to work for her. (Docket No. 36, at 3.) On July 17, 2008, while undergoing rehab, Plaintiff received a letter from CSU informing him that the Forest Service was terminating its Fort Campbell agreement with CSU and that CSU would no longer having funding to continue his employment. (*See* Docket Nos. 36, at 3; 36-2, at 1.)

Plaintiff alleges that he was terminated by the Army and CSU because of his disability. (*See* Docket No. 26, at 3.) Plaintiff retained legal counsel on or before September 30, 2008, as evidenced by his letter through counsel to the Department of Agriculture. (See Docket Nos. 36-4; 35-3.) Plaintiff avers that in relying on CSU's

Page 2 of 14

contract with the Department of Agriculture, "[H]e initially believed that any complaint of employment discrimination should be filed with the Agriculture Department." (Docket No. 36, at 4.) Plaintiff states that "[b]y April 6, 2009, [he] had discovered that his supervisor was not a Department of Agriculture employee, but was in fact employed by the Army." (Docket No. 36, at 4.) On April 7, Plaintiff mailed complaints against the DoD and CSU to the Equal Employment Opportunity Commission (EEOC). (Docket Nos. 36, at 5; 36-6, at 1-4.) Plaintiff's counsel states that "on or about April 15, 2009, counsel was contacted by the EEOC and informed that Plaintiff "would have to repeat the counseling and complaint process, this time with the Army at Fort Campbell, Kentucky rather than directly through the EEOC." (Docket No. 36, at 5.)

On May 6, 2009, Plaintiff contacted an Army EEO Counselor at Fort Campbell to initiate an informal complaint regarding his termination. (Docket Nos. 36, at 5; 36-6, at 1.) Then on July 28, 2009, Plaintiff received a "Notice of Right to File a Formal Complaint" against the Army. (Docket Nos. 36, at 5; 36-7.) Plaintiff filed a formal complaint of discrimination on August 12, 2009. (Docket Nos. 36, at 5; 36-8.) The Army EEO Officer dismissed Plaintiff's complaint on August 28, 2009, for two reasons. First, the EEO Officer concluded that there was no valid employer-employee relationship between the Army and Plaintiff because Plaintiff's employment was the result of an agreement between CSU and the Forest Service, not CSU and either the Army or DoD. (*See* Docket No. 36-9, at 1-2.) Second, the EEO Officer concluded that Plaintiff's complaint was untimely under 29 C.F.R. § 1614.107(a)(2) because: "[Plaintiff's] termination from [CSU] was on July 17, 2008, and his initial EEO contact was on May 6, 2009. This is well beyond the 45-day limitation of making timely EEO contact in order

in order for this formal complaint to be accepted within the administrative procedures." (Docket No. 36-9, at 2.)

Plaintiff then appealed the Army EEO Officer's decision to the EEOC Office of Federal Operations, arguing (1) that he was an employee of the Army and (2) that he was entitled to a mandatory extension of the 45-day limitation period under 29 C.F.R. § 1614.105(a)(1). The EEOC issued its decision on May 19, 2011, affirming the agency's decision and again concluding that Plaintiff "was not an employee of the [Army], but of CSU, a contractor of the Forest Service." (Docket No. 36-10, at 3.) At that time, the EEOC mailed a copy of its decision to Plaintiff, but not Plaintiff's counsel. (*See* Docket No. 36-10, at 5.) That decision included Plaintiff's right-to-sue notice. (*See* Docket No. 36-10, at 4.) Then on October 13, 2011, the EEOC reissued its May 19 decision, this time sending a copy to Plaintiff's counsel with a cover letter explaining the mistake of failing to initially copy counsel was "due to a clerical error." (Docket No. 36-11, at 1.) That letter went on to state that "the date on the attached Certificate of Mailing will govern any time frames related to the parties' receipt of the decision." (Docket No. 36-11, at 1.)

Meanwhile, on March 7, 2011, Plaintiff filed the instant suit against CSU, (Docket No. 1.), and on April 19, 2011, amended that complaint to make a technical change to the named defendant, (*see* Docket No. 6). Plaintiff then sought leave to file a Second Amended Complaint adding the Secretary of the Army as a codefendant on December 16, 2011, (Docket No. 22), which the Court granted on January 3, 2012, (Docket No. 25). Defendant Secretary of the Army has now filed a motion to dismiss or, in the alternative, for summary judgment. Defendant argues first that Plaintiff failed to timely exhaust his

administrative remedies prior to filing suit, and second that Plaintiff's judicial complaint should be dismissed as time-barred. In response, Plaintiff asserts that the 45-day limitation under 29 C.F.R. § 1614.105(a) should be tolled either because he was unaware of the limitation period or because he was unaware at the time of his termination that it was in fact the Army that decided to terminate his employment. Plaintiff further argues that his judicial complaint against the Army should not be time-barred by the ninety-day limitation under 42 U.S.C. § 2000e-16(c) because, despite mailing a copy of its May 19 decision and right-to-sue notice to Plaintiff, the EEOC did not mail a copy to Plaintiff's counsel until nearly five months later on October 17, 2011. Because the Court finds the issue of the timeliness of Plaintiff's judicial complaint dispositive, it will not address whether Plaintiff timely exhausted his administrative remedies prior to filing suit.

## STANDARD

Because the parties reference significant material outside the pleadings, which does more than merely "fill[] in the contours and details of the plaintiff's complaint," the Court will address its opinion to Defendant's Motion for Summary Judgment. *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443 (6th Cir. 1997). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; he must present evidence on which the trier of fact could reasonably find for him. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Title VII of the Civil Rights Act of 1964 provides, in relevant part, that the EEOC shall notify an aggrieved claimant of his right to sue "and within ninety days after the giving of such notice a civil action may be brought." 42 U.S.C. § 2000e-5(f)(1); *see also id.* § 2000e-16(c). Among the regulations promulgated under § 2000e-16(c) is 29 C.F.R. § 1614.605, which provides, in relevant part:

> (d) Unless the complainant states otherwise in writing, after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant. When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials

>   shall be computed from the time of receipt by the attorney. . . .
>
>   (e) The Complainant shall at all times be responsible for proceeding with the complaint whether or not he or she has designated a representative.

## I.     Title VII's Ninety-Day Period of Limitation

Plaintiff argues that because his attorney did not receive a copy of the EEOC's final decision until the EEOC reissued that decision on October 13, 2011, his judicial complaint is not time-barred by the ninety-day limitation period. By failing to mail a copy to Plaintiff's counsel, the EEOC "was in violation of 29 C.F.R. § 1614.605(d)," and thus, Plaintiff urges, "under the EEOC's own regulations the time begins to run when the complainant's attorney received a copy of the decision." (Docket No. 36, at 13.) The Court disagrees for several reasons.

Because Title VII provides that a civil action may be brought within ninety days of the giving of notice of the right to sue, a principal issue here is what constitutes receipt of notice. The Sixth Circuit strictly adheres to Title VII's ninety-day limitation. *Peete v. Am. Standard Graphic*, 885 F.2d 331, 331 (6th Cir. 1989) (affirming district court's grant of summary judgment for defendants when plaintiff was one day late in filing his judicial complaint). Further, the Sixth Circuit has repeatedly found that the ninety-day clock begins to run when a claimant receives notice, regardless whether his attorney contemporaneously receives a copy as well. The court of appeals has stated on several occasions that it is "not inclined toward an inflexible rule requiring actual receipt of notice by a claimant before the time period begins to run." *Hunter v. Stephenson Roofing Co.*, 790 F.2d 472, 474 (6th Cir. 1986); *Banks v. Rockwell Int'l N. Am. Aircraft*

*Operations*, 855 F.2d 324, 326 (6th Cir. 1988). Thus, the ninety-day period begins to run five days after the date on which the EEOC mails a notice of its final decision and right to sue to the claimant's address of record. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000); *see also Banks*, 855 F.2d at 326. This reasoning is buttressed by the common law presumption that a properly addressed, stamped, and mailed letter is received by the addressee. *E.g.*, *Cook v. Providence Hosp.*, 820 F.2d 176, 179 n.3 (6th Cir. 1987) (citing *Simpson v. Jefferson Standard Life Ins. Co.*, 465 F.2d 1320, 1323 (6th Cir. 1972));[1] *see also Brown v. Hyperion Seating Corp.*, 194 F.3d 1311, 1999 WL 801591, at *2 (6th Cir. 1999) (unpublished table decision); *Banks*, 855 F.2d at 326.

Plaintiff does not dispute that on May 19, 2011, the EEOC sent him its final decision and right-to-sue notice, nor does he deny that he received a copy of the EEOC's final decision mailed that day. Plaintiff does not claim that the EEOC improperly addressed that mailing to him. To be sure, a review of Plaintiff's attached exhibits shows no change in Plaintiff's address from the time he initiated contact with the EEO Counselor on May 6, 2009, through the issuance of the EEOC's final decision on May 19, 2011, and reissuance of that decision on October 13, 2011. (*Compare* Docket No. 36-6, at 1, *and* Docket No. 36-10, at 5, *with* Docket No. 36-11, at 6.) Therefore, in accordance with Sixth Circuit precedent, Plaintiff's ninety-day limitation period began to

---

[1] In *Cook v. Providence Hospital*, the court of appeals acknowledged "the difficult situation in which an addressee is placed: what evidence, other than [his] denial of receipt, is available to rebut the presumption that a letter is received?" 820 F.2d at 179 n.3. Nonetheless, the court was not persuaded by a claimant's denial of having received a properly mailed notice, concluding, "[T]here is a presumption that mail is received by the addressee and the ninety day time limit begins to run five days after the EEOC Notice of Right to Sue is mailed." *Id.* While these statements were relegated to a footnote in *Cook*, the Sixth Circuit has since relied repeatedly on them in similar circumstances. *See, e.g.*, *Brown*, 194 F.3d at 1311; *Banks*, 855 F.2d at 326; *Hunter*, 790 F.2d at 475.

run five days after the May 19, 2011, decision and right-to-sue notice was mailed by the EEOC to his home address of record.

Furthermore, the Sixth Circuit "has flatly rejected the argument that a failure by the EEOC to copy counsel on a right-to-sue letter prevents the ninety-day period from running." *Ball v. Abbott Adver., Inc.*, 864 F.2d 419, 421 (6th Cir. 1988) (citing *Banks*, 855 F.2d at 326). This approach is consistent with the seemingly well-settled law of other circuits. *See, e.g.*, *Carter v. Potter*, 258 F. App'x 475, 477-78 (3d Cir. 2007) (reasoning that the ninety-day period starts when either the claimant or his attorney receives a right-to-sue letter, whichever is first); *Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005) ("[T]wo types of receipt of a notice can start running the 90-day limitation period, and each does so equally well: actual receipt by the plaintiff, and actual receipt by the plaintiff's attorney, which constitutes constructive receipt by the plaintiff."); *Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985) ("[P]laintiff herself received notice more than 90 days before suit was filed. She may not now complain that the 90 days did not begin to run until the receipt of the 'Right to Sue' letter by her attorney seven days later."); *Harris v. Bodman*, 538 F. Supp. 2d 78, 80 (D.D.C. 2008) ("It is well settled that the 90-day limitation period begins running when the agency delivers notice to the plaintiff or the plaintiff's attorney, whichever comes first."); *accord Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) (affirming the Fifth Circuit's interpretation of 42 U.S.C. § 20003-16(c) that notice "is 'received' when the EEOC delivers its notice to a claimant or the claimant's attorney, whichever comes first").

Nonetheless, Plaintiff argues that his complaint is timely because the EEOC violated 29 C.F.R. § 1614.605(d) when it failed to mail a copy of its May 19 decision to

Plaintiff's counsel. When the EEOC reissued its decision in October, Plaintiff urges, "it cured the violation by sending the decision to [Plaintiff's] counsel, and by computing any time limitation from the date of counsel's receipt." (Docket No. 36, at 13.) This argument is misguided for several reasons. First, it ignores the litany of decisions in this circuit finding that a properly mailed notice is presumed to have been received and that the ninety-day limitation period begins upon such receipt. Second, in looking to the plain language of 29 C.F.R. § 1614.605 in its entirety, it does not appear that the EEOC intended to govern the ninety-day time limitation period for filing a judicial complaint in U.S. district courts. *See Carter*, 258 F. App'x at 478. Instead, the regulatory language concerns itself with "time frames for receipt of materials" in respect to the EEOC administrative process. *See id.* Thus, "on its face, § 1614.605(d) does not apply to the 90-day period within which [a claimant] ha[s] to file a civil action in the District Court upon receiving the right-to-sue letter." *Id.* at 479; *see also Harris*, 538 F. Supp. 2d at 81 (concluding that § 1614.605(d) "applies to administrative proceedings before the EEOC; it does not purport to apply to the limitations period for filing suit in federal court").[2] Moreover, the following paragraph in this same regulation, subsection (e), unequivocally states, "The Complainant shall at all times be responsible for proceeding with the complaint whether or not he or she has a designated representative." 29 C.F.R. § 1614.605(e). This language thus undermines any intimation that

---

[2] It is worth noting also that at least one circuit outside the Sixth Circuit has conclusively decided that even if § 1614.605(d) was intended by the EEOC to control the computation of time for filing a civil complaint in federal court, that regulation was not entitled to deference under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). *See Carter*, 258 F. App'x at 479. In *Carter v. Potter*, the Third Circuit concluded, in no uncertain terms, that the power to create a binding rule on federal courts "is beyond the authority delegated to the EEOC." *Id.* The court went on, "Therefore, just as the EEOC does not have the power to create a regulation controlling what constitutes notice, it does not have the power to create a regulation controlling what constitutes the receipt of such notice for purposes of the limitations period applicable in federal court." *Id.*

§ 1614.605(d) applies to relieve a claimant represented by counsel of his responsibility for timely commencing a civil suit.

## II. Equitable Estoppel and Tolling

It is clear in this circuit that the ninety-day filing deadline is not jurisdictional and, therefore, is subject to waiver, estoppel, and equitable tolling. *Hopkins v. United Parcel Serv.*, 221 F.3d 1334, 2000 WL 923458, at *4 (6th Cir. 2000) (unpublished table decision) (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). In the Sixth Circuit's view:

> [E]quitable estoppel is invoked when a defendant takes steps to prevent the plaintiff from timely filing [his] claims." *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 891 (6th Cir. 2004). Application of equitable estoppel is premised on misconduct by the defendant, as well as the plaintiff's actual and reasonable reliance on that misconduct. *Id.*

*Taylor v. Donahoe*, 452 F. App'x 614, 618 (6th Cir. 2011). The Sixth Circuit has further reasoned that "equitable estoppel" is distinguished from "equitable tolling" in so far as "equitable tolling applies when there is no allegation of impropriety on the defendant's part." *Hill v. U.S. Dept. of Labor*, 65 F.3d 1331, 1335 n.1 (6th Cir. 1995). "[T]o toll the limitations period based on equitable estoppel, [Plaintiff] must show a 'false representation or concealment'" by Defendant, which caused Plaintiff to miss his limitation period. *Cline v. BWXT Y-12, LLC*, 521 F.3d 507, 512 (6th Cir. 2008).

Plaintiff argues that because "the same entity that failed to properly notify [Plaintiff] is the same entity that now seeks to enforce the propriety of that notice, the government should be equitably estopped from asserting the 90 day limitation period."

(Docket No. 36, at 13.)  Plaintiff has alleged no false representation or concealment here, only that the Army and the EEOC are the "same entity," presumably because both fall under the umbrella of the federal government.  (*See* Docket No. 36, at 13.)  But as Defendant points out, the two play different roles with different interests here: the Army is Plaintiff's alleged employer, and the EEOC is the federal agency authorized to enforce antidiscrimination laws against such employers.  (*See* Docket No. 39, at 10 n.4.)

The Court finds Plaintiff's "same entity" argument without merit, and Plaintiff has not shown (or alleged) any false representation or concealment on the part of Defendant such that equitable estoppel should be invoked here.  Any argument that the Defendant should be estopped because Plaintiff's counsel relied on the EEOC representative's opinion (as expressed in his cover letter to Plaintiff's counsel accompanying the October 13, 2011, reissuance) that any time frames would be governed by the date on which counsel received the reissuance is also without merit.  Although one of the instances identified by the Supreme Court in *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984), included "where the court has led the plaintiff to believe that [he] had done everything required of [him]," this scenario is inapplicable here.  The Sixth Circuit's conclusion regarding a similar argument presented in *Hopkins v. United Parcel Serv.* is directly on point here: "[Plaintiff] did not rely on any actions or inactions of a court. Rather, his *attorneys* apparently relied on the EEOC's *mistaken legal opinion* that the 90-day period would not begin running until the plaintiff or his attorneys received the written notice."  221 F.3d at 1334, 2000 WL 923458, at *5 (emphasis in original).  Accordingly, equitable estoppel is not warranted here.

Finally, the Court considers the prospect of equitable tolling and whether Plaintiff's failure to file his judicial complaint within the ninety-day time period "unavoidably arose from circumstances beyond [his] control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F. 3d 552, 561 (6th Cir. 2000). Equitable tolling is a doctrine that is applied sparingly. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "The most common situation calling for equitable tolling involves some affirmative representation or action by the employer that causes an employee to miss a filing deadline." *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.23d at 561. The Sixth Circuit has identified five factors courts should consider in determining the appropriateness of equitably tolling the statutory period of limitation: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Id.* (quoting *Truitt*, 148 F.3d at 648).

Plaintiff presents a thoughtful argument as to why the circumstances of this case justify tolling the forty-five day period for initiating contact with an EEO Counselor as required by 29 C.F.R. § 1614.105(a). However, Plaintiff does not argue for the tolling of the ninety-day limitation period for bringing his civil suit. Regardless, the Court finds no justification for tolling the ninety-day period in this instance. As discussed above, the Court presumes that Plaintiff received the EEOC's final decision and notice of his right to sue within five days of its mailing on May 19, 2011. Because Plaintiff has been represented by legal counsel since shortly after his termination, he, through his counsel, is

presumed to know the filing and legal requirements. *See generally United States v. Hook*, 781 F.2d 1166, 1172 n.8; *In re Gettys*, 205 B.R. 515, 524 (S.D. Ohio 1997). And because Plaintiff received notice within five days of the EEOC's May 19, 2011, decision, but apparently took no action until after the EEOC reissued that decision in October, the Court cannot conclude that Plaintiff's diligence in pursuing his claim justifies equitable tolling. *See Baldwin*, 466 U.S. at 152 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). Finally, Plaintiff does not argue that Defendant will not be prejudiced; regardless, no other factor supports an independent basis for tolling. *See id.* (stating that the absence of prejudice "is not an independent basis" justifying equitable tolling). Thus, even though the ninety-day period may be tolled, equitable tolling is available only in exceptional circumstances, which are not present here. *See Brown*, 194 F.3d 1311, 1999 WL 801591, at *2.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment, (Docket No. 35), is GRANTED.

Date:


cc:     Counsel